UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC ROSLONSKI,                                     Case No. 09-10200

          Plaintiff,                          HONORABLE SEAN F. COX
                                                 United States District Judge

v.

CITY OF DETROIT, a Michigan
Home Rule Corporation,

          Defendant.
_____/

OPINION & ORDER

      Plaintiff Eric Roslonski ("Roslonski") filed this § 1983 action against Defendant City of

Detroit ("the City") over their demolition of a building on his real property.  The matter is

currently before the Court on the City's Motion to Dismiss [Doc. No. 5].  The parties have fully

briefed the issues, and a hearing was held on May 28, 2009.  Because Roslonski failed to exhaust

his state remedies before filing the instant action, and because the Court declines to exercise

supplemental jurisdiction over Roslonski's remaining state law claims, the Court **GRANTS** the

City's Motion [Doc. No. 5], and **DISMISSES** this case.

BACKGROUND

      On or about January 26, 2005, Roslonski purchased real property located at 13405

Flanders in Detroit, Michigan ("the Real Property").  [Pl.'s Complaint, Doc. 1, ¶¶6, 8].  At the

time of Roslonski's purchase, the Real Property was encumbered by a notice of *lis pendens*

indicating the City intended to demolish the home on the Real Property.  The City based this

intent upon a City Council hearing June 25, 2005, at which it was determined that the home was

a dangerous building.  *Id.* at ¶11, *see also* Pl.'s Ex. B.

Roslonski alleges he obtained a discharge of *lis pendens* on the Real Property, and that

the Real Property should have been removed from the list of properties scheduled to be

demolished by the City. [Pl.'s Complaint, ¶13, *see also* Pl.'s Ex. C].

Subsequently, Roslonski made efforts to renovate the Real Property.  *Id.* at ¶16.

However, on or about June 15, 2006, Roslonski discovered that the City had demolished the

home on the Real Property. [Pl.'s Complaint, ¶19].[1]

Roslonski filed a Complaint [Doc. No. 1] on January 19, 2009, alleging that the "persons

who demolished the Subject Property were Agents of Defendant" [Pl.'s Complaint, ¶28], and

their actions amounted to a taking which caused Roslonski to "lose all economic value of his

property" *Id.* at ¶33, as well as violate Roslonski's substantive due process rights.

The City filed the instant motion [Doc. No. 6] on February 17, 2009, claiming that the

demolition was done in the exercise of its police powers under Detroit Code §12-11-28.0 et seq.,

after the Detroit City Council had determined that the building was dangerous. [Br. of Def., p.2].

The City argues that Roslonski's federal law "taking claim" [Count III] must be dismissed for

lack of jurisdiction due to the plaintiff's failure to exhaust his state law remedy of inverse

condemnation.

## STANDARD OF REVIEW

The City brings the instant motion pursuant to FED. R. CIV. P. 12(b)(6).  In assessing a

---

[1] It is unclear from Roslonski's Complaint exactly when the City demolished the home on the Real Property.  The June 15, 2006 date is the date Roslonski alleges his father drove by the Real Property and noticed that the structure had been demolished.

motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must treat all well-pleaded allegations in the complaint as true.  *Kostrzewa v. City of Troy*, 247 F.3d 633, 638 (6th Cir. 2001).  Dismissal is only proper if it, on the pleadings themselves, the plaintiff does not have a "reasonably founded hope" of making his or her case.  *Bell Atlantic v. Twombley*, 550 U.S. 554, 127 S.Ct. 1955, 1970 (2007).

## ANALYSIS

I. <u>Roslonski's § 1983 Claim [Count III] Fails Due to His Failure to Exhaust His State-Law Remedies Before Filing This Lawsuit</u>.

In *Williamson County Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985), the Supreme Court held that "if a state provides adequate procedure for seeking just compensation [under the Fifth Amendment Takings Clause], the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and has been denied just compensation."  In *Williamson*, the Court rejected a takings claim because the plaintiff had "not shown that the [state's] inverse condemnation procedure is unavailable or inadequate, and until it has utilized that procedure, its takings claim is premature."  *Id*. at 197.

Applying *Williamson*, the Sixth Circuit in *Bigelow v. Michigan Dep't of Natural Resources*, 970 F.2d 154 (6th Cir. 1992) upheld the dismissal of a takings claim where the plaintiff failed to file an inverse condemnation action in Michigan state court before filing suit in federal court.  "Michigan has long recognized the doctrine of inverse condemnation," *Bigelow* at 158, *citing Heinrich v. City of Detroit*, 90 Mich. App. 692 (1979), and since "plaintiff has not attempted to use Michigan's inverse condemnation procedure. . ., his claim of taking without just compensation. . .is not ripe and cannot be considered by this court."  *Id*. at 158 (internal citation omitted).

3

In the instant case, just as in *Williamson* and in *Bigelow*, Roslonski chose not to avail himself of the State of Michigan's available mechanisms for filing an inverse condemnation proceeding in state court; Roslonski chose instead to simply file this action in federal court. Under *Williamson* and *Bigelow*, therefore, dismissal of Roslonski's § 1983 claim [Count III] is warranted.

II. The Court Declines to Exercise Supplemental Jurisdiction over Rolonski's Remaining State-Law Claims [Counts I and II].

Supplemental to his § 1983 claim [Count I], Roslonski attaches a state-law claim for "Inverse Condemnation" [Count II].  Roslonski also brings a state-law civil action for trespass [Count I].  With dismissal of Roslonski's § 1983 action, described *supra*, however, the Court declines to exercise supplemental jurisdiction over Roslonski's state law claims.

 The power of Article III courts to exercise supplemental jurisdiction over state-law claims derives from 28 U.S.C. § 1367, which states, in pertinent part:

> . . .in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  The Court may decline to exercise such supplemental jurisdiction in certain circumstances, including when "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

Roslonski filed the instant action pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331; he could not file the action pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332, as the case lacks complete diversity among the parties.  With the dismissal of Roslonski's § 1983 claim, the only federal question raised in Roslonski's

4

Complaint, 28 U.S.C. § 1367(c)(3) allows this Court to decline to exercise supplemental

jurisdiction over Roslonski's state law claims.  For these reasons, the Court declines to exercise

supplemental jurisdiction over Roslonski's remaining state-law claims [Counts I and II].

CONCLUSION

For the reasons explained above, the Court **GRANTS** the City of Detroit's Motion to

Dismiss [Document No. 5], and **DISMISSES** this action.

**IT IS SO ORDERED**.

s/ Sean F. Cox
SEAN F. COX

Dated: May 29, 2009                    UNITED STATES DISTRICT COURT JUDGE


I hereby certify that a copy of the foregoing document was served upon counsel of record on
May 29, 2009, by electronic and/or ordinary mail.

S/Timilyn M. Katsaros
Administrative Assistant